UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANTWONE DESHAUN WASHINGTON,

    Defendant.
_____/

Case No. 19-cr-20183

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [#34]**

**I. INTRODUCTION**

On August 14, 2019, Defendant Antwone Deshaun Washington pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 23. Specifically, Defendant's Rule 11 Agreement states that Washington knowingly possessed four loaded firearms in the closet of a bedroom in his home. *Id.* at PageID.61. On January 6, 2020, Defendant was sentenced to 60 months imprisonment. ECF No. 30, PageID.103.

Presently before the Court is Defendant's letter requesting a reduction in his sentence, which the Court construed as a Motion for Compassionate Release. ECF No. 34. Following this Court's Order on July 7, 2020, Defendant's counsel submitted a supplemental brief. ECF No. 39. The Government filed a Response in Opposition on October 8, 2020. ECF No. 42. Upon review of the parties'

1

submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motion on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2). For the reasons that follow, the Court will **DENY** the Defendant's Motion for Compassionate Release [#34].

## II. FACTUAL BACKGROUND

Defendant Antwone Deshaun Washington was sentenced on January 6, 2020 to serve 60 months in custody. *See* ECF No. 30. Defendant pled guilty to one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 23. According to Defendant's Rule 11 Agreement, various Drug Enforcement Administration ("DEA") agents conducted a security sweep for narcotics at a home in Detroit, Michigan. *Id.* at PageID.61. Defendant was inside the home during the search and later confirmed that he lived there with his wife and children. *Id.* at PageID.62. During the search, the DEA agents recovered four loaded firearms, as well as high-capacity magazines and ammunition, in the closet of Defendant's upstairs bedroom. *Id.* at PageID.61. The plea agreement states that "Washington knew that the aforementioned firearms were in the closet of his bedroom, and he had direct physical control over them." *Id.* Additionally, Defendant was previously convicted of multiple felonies for the "delivery of marijuana, attempted carrying concealed weapons, and possession with intent to distribute marijuana," among other offenses. *Id.* at PageID.62.

Defendant now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the threat of COVID-19. ECF Nos. 34, 39. Defendant is forty years old and is serving his sentence at the Federal Correctional Institute in Morgantown, West Virginia. Defendant is set to be released on May 25, 2024.

In his instant Motion, Defendant argues that his "severe asthma and other health issues" amount to compelling and extraordinary circumstances warranting his early release. ECF No. 39, PageID.129. He therefore requests that the Court grant him early release from his sentence.

### III. ANALYSIS

**A. Standard of Review**

Title 18 U.S.C. § 3582(c)(1)(A) governs this Court's authority to consider motions for compassionate release. As amended by the First Step Act of 2018, the relevant statutory language provides that a court may grant compassionate release under the following circumstances:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction.

3

18 U.S.C. § 3582(c)(1)(A)(i). Accordingly, a court must address two key questions. The first is whether a defendant has first exhausted all administrative remedies with the BOP. The second is whether, after considering "extraordinary and compelling reasons," as well as the sentencing factors set forth in 18 U.S.C. § 3553(a), warrant a sentence reduction.

Moreover, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). U.S. Sentencing Guidelines Manual § 1B1.13 is the "applicable policy statement" which this Court must comply with. This section explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). Further, a defendant must fit within at least one of four categories of "extraordinary and compelling reasons." Application Note 1 to U.S.S.G. § 1B1.13 provides, in relevant parts, when extraordinary and compelling reasons exist:

> (A) Medical Condition of the Defendant
>
> (ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> …

> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Here, Defendant asserts that his documented medical conditions, combined with his continued incarceration during the COVID-19 pandemic, place him at an elevated risk of serious complications if he were to contract COVID-19. ECF No. 39, PageID.132. Defendant additionally states that the 18 U.S.C. § 3553(a) factors favor his release because he participated in various rehabilitative programs and "has not received any disciplinary actions and has been assigned a low recidivism level," therefore demonstrating that he is not a danger to the community. *Id.*

### B. Exhaustion

The First Step Act of 2018 amended 18 U.S.C. § 3582 to permit defendants to move for compassionate release themselves. First Step Act § 603(b), Pub. L. No. 115-319, 132 Stat. 5194, 5239 (Dec. 21, 2018). In a defendant-initiated motion for compassionate release, the district court may not act on the motion unless the defendant files it "after" either completing the administrative process within the BOP or waiting thirty days from when the warden at the facility received his or her request. 18 U.S.C. § 3582(c)(1)(A).

The Sixth Circuit recently held that while the administrative exhaustion requirements under § 3582(c)(1)(A) are not jurisdictional, they are mandatory. *United States v. Alam*, 960 F.3d 831, 2020 U.S. App. LEXIS 17321 (6th Cir. 2020).

5

In *Alam*, the Sixth Circuit rejected defendant's argument that the "unprecedented" nature of the COVID-19 pandemic should serve as an exception to the statute's exhaustion requirement. *Id.* at *11 (concluding that "[t]hirty days hardly rises to the level of an unreasonable or indefinite timeframe.") (internal quotation marks omitted).

Here, the Government acknowledges that Defendant already exhausted his administrative remedies. ECF No. 42, PageID.159. Indeed, Defendant petitioned the warden for consideration for compassionate release twice in June 2020. *See* ECF No. 39-1, PageID.137-143. The warden denied his request for release on June 15, 2020 and then again on July 7, 2020. ECF No. 39-1, PageID.138, 140. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

### C. Extraordinary and Compelling Reasons

As discussed *supra*, for a court to grant compassionate release, a defendant must also demonstrate that "extraordinary and compelling reasons" exist to warrant a reduction in sentence. 18 U.S.C. § 3582(c). The Sentencing Commission has provided guidance about what constitutes "extraordinary and compelling reasons" in Section 1B1.13 of the Sentencing Guidelines. U.S.S.G. § 1B1.13. These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons "other than, or in combination with" the first three elements. *Id.* at cmt. n.1(A)-(D).

Here, Defendant has not demonstrated that extraordinary and compelling reasons exist to warrant his release from FCI Morgantown. Looking at his medical conditions, Defendant states that he has "severe asthma and other health issues." ECF No. 39, PageID.129. Washington's medical records, however, document a diagnosis of "mind intermittent, exercise induced" asthma. ECF No. 43, PageID.176. While at FCI Morgantown, Defendant was prescribed an Albuterol inhaler to use as necessary to treat his asthma. *Id.* Defendant also notes in his *pro se* letter that he was born with a heart murmur. ECF No. 34, PageID.117. But as the Government points out, there is no diagnosis of a heart murmur in his Morgantown medical records, and his supplemental Motion does not raise the issue. ECF No. 42, PageID.164.[1]

According to the Centers for Disease Control and Prevention ("CDC"), the only relevant condition that places Defendant at a higher risk for severe illness from COVID-19 is his asthma. *See People Who Are at Higher Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated Sept. 11, 2020). The CDC guidance currently states that individuals with moderate to severe

---

[1] In Defendant's Inmate to Health Services email communications, he stated on August 11, 2020 that he believes he has a heart murmur. Health Services responded to his email two days later and responded saying "your chart reflects current appropriate diagnosis." ECF No. 43, PageID.246.

asthma might be at an increased risk for severe illness from COVID-19. *Id.* It does not include diagnoses for mild intermittent and exercise induced asthma like Defendant's diagnosis. Additionally, none of Defendant's medical records at Morgantown confirm that Washington has a diagnosed heart murmur from birth. But even if the diagnosis was documented, it would not change the ultimate disposition of this matter; the CDC does not categorize a heart murmur as a condition that would place an individual at a known or potential increased risk of COVID-19 severity. Thus, Defendant's exercise-induced asthma and claimed heart murmur are not sufficient to warrant early release under the compassionate release standard.

Defendant is also twenty-five years younger than the CDC's classification of adults sixty-five years and older who are at higher risk of COVID-19 complications. Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at a significantly higher risk for severe illness from COVID-19. *See, e.g., United States v. Doshi*, No. 13-CR-20349, 2020 WL 2556794 (E.D. Mich. May 20, 2020) (granting compassionate release for an elderly inmate with hypertension, diabetes, asthma, hyperlipidemia, and other preexisting conditions); *Miller v. United States*, No. CR 16-20222-1, 2020 WL 1814084, at *1 (E.D. Mich. Apr. 9, 2020) ("The CDC also states that individuals with underlying medical conditions, such as a chronic lung disease, a serious heart

8

condition, and liver disease, have a higher risk of severe illness ... Miller suffers from all three.").

The Court takes notice of Defendant's argument that he also seeks compassionate release because he is concerned about the wellbeing of his young children and wishes to care for them while their mother works long evenings. ECF No. 39, PageID.132. However, the fact that Defendant seeks to care for his family does not in and of itself create a compelling reason to release Defendant. *See United States v. Wilson,* No. 15-20281, 2020 WL 3172647, at *3 (E.D. Mich. June 15, 2020). Defendant has thus failed to establish that these circumstances are extraordinary and compelling for this Court to grant him his requested relief.

In sum, upon consideration of precedent for granting compassionate release and the particular facts of his case, Defendant has not presented extraordinary and compelling circumstances, either from his own medical conditions or his family's circumstances, that warrant his early release.

### 1. Determination of Dangerousness to the Community and the 18 U.S.C. § 3553(a) Factors

As a final matter, a district court must determine that the defendant does not present a danger to the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. Additionally, the court must also consider the sentencing factors under 18 U.S.C. § 3553(a) and determine whether such factors support or undermine the sentence reduction. *See id.*

Here, the Government argues that Defendant is ineligible for compassionate release because he is a danger to the community. ECF No. 42, PageID.165. Defendant disagrees with the Government and asserts that he is not a danger to the community because he has maintained a clean disciplinary record, works in the prison kitchen, and successfully completed a drug rehabilitation program at FCI Morgantown. ECF No. 39, PageID.132. Defendant further notes that he has been assigned a low risk level by the BOP. *Id.*

Upon consideration of the present facts, the Court concludes that Defendant's seven prior convictions, which include felonies for violent conduct as well as controlled substances and weapons offenses, indicate that Defendant qualifies as a danger and thus forecloses relief requesting early release. The Court sentenced Defendant to sixty months imprisonment, which reflects the seriousness of the present offense and Defendant's failure to abide by this Court's mandates in the past. The Court is persuaded by the Government's argument that maintaining four dangerous and loaded firearms in a residential area put the community at risk and indicates Defendant's dangerousness if released.

The Court also agrees with the Government that consideration of the factors set forth in 18 U.S.C. § 3553(a) do not weigh in favor of granting the requested relief. The factors set forth in § 3553(a) include a defendant's history and characteristics; the nature and circumstances of the offense; due consideration of the seriousness of

10

the offenses; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by the defendant; and providing him or her with any necessary correctional services and treatment. See 18 U.S.C. § 3553(a).

Here, Defendant has only served nine months out of his sixty-month sentence after the DEA discovered him in possession of multiple dangerous and loaded firearms. The Government also highlights that "Washington had three controlled substances convictions and two weapons convictions before engaging in the above conduct," along with a domestic violence offense and various probationary violations. ECF No. 42, PageID.170. The seriousness of both the offense and Washington's conduct is reflected in the sixty-month sentence imposed upon Defendant. Additionally, the Government notes that Defendant has not yet been able complete comprehensive drug treatment programs as recommended by this Court in its Judgment. *Id.*; *see* ECF No. 30, PageID.103. Together, these facts do not indicate that early release is warranted at this time.

In sum, the Court finds that granting Defendant compassionate release at this juncture would inappropriately minimize the serious nature of his criminal history and the underlying offense. Accordingly, the § 3553(a) sentencing factors also weigh against Defendant's early release.

## IV. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Defendant's Motion for Compassionate Release [#34].

**IT IS SO ORDERED.**

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2020

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Antwone Deshaun Washington, No. 57369-039, Federal Correctional Institute Morgantown, 446 Greenbag Road, Route 857, Morgantown, West Virginia 26501 on November 30, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager